IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nevelle Joshua Eberhart,<br><br>　　　Plaintiff,<br><br>v.<br><br>Stephen Narewski, *Police Officer*; Emmitt Gilliam, *Investigator – Police Officer*,<br><br>　　　Defendants. | Case No.: 3:24-cv-6596-SAL<br><br><br>**ORDER** |

Nevelle Eberhart, proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983 against Stephen Narewski and Emmitt Gilliam (collectively "Defendants").[1] Before the court are three motions: Defendant Narewski's and Defendant Gilliam's motions for summary judgment, ECF Nos. 64, 67, and Eberhart's motion for punitive and compensatory relief, ECF No. 60. United States Magistrate Judge Paige J. Gossett, pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(4) (D.S.C.), issued a Report and Recommendation ("Report"), recommending Defendants' motions for summary judgment be granted. [ECF No. 84.] Eberhart objects. [ECF No. 86.]

I.     **Background**

On January 11, 2022, Eberhart was arrested for armed robbery and placed in an interview room at the Columbia Police Department. [ECF No. 84 at 1.] Eberhart's left wrist was handcuffed to a table. Defendant Gilliam then attempted to interview him but ended the interview after about twelve minutes. [Interview Video at 15:08:53–22:38.]

---

[1] The magistrate judge construed Eberhart's complaint as alleging a claim under 42 U.S.C. § 1983 for excessive force in violation of the Fourth Amendment. [ECF No. 13 at 2.] No party objected to this construction. [ECF Nos. 24, 29, 30.]

1

At the conclusion of the interview and over the next several minutes, Eberhart became angry and began shouting, swearing, and using racial slurs. *Id.* at 15:22:38–23:50. When Eberhart began violently hitting the wall, Defendants and other officers entered the interview room. *Id.* at 15:23:50–52. Eberhart continued shouting profanities and slurs at the officers and swiped at the handcuffs in one of the officers' outstretched hand. *Id.* at 15:23:52–24:02. Although Eberhart was directed at least ten times to sit down, he did not comply. Instead, he continued yelling and gesturing with his free arm, demanding that the officers "get the fuck out" so he could calm down. *Id.* at 15:24:02–24:27. After approximately thirty seconds of Eberhart's continued noncompliance, Narewski moved forward and pinned Eberhart against the wall with his left forearm to allow other officers to secure handcuffs. *Id.* at 15:24:27–29. Eberhart indicated that he was having difficulty breathing, and Narewski immediately repositioned his arm from Eberhart's upper chest/neck area to the side of his head. *Id.* Eberhart continued resisting and bit Narewski's forearm. *Id.* at 15:24:35–45. Narewski responded by administering two strikes to Eberhart's head. *Id.* at 15:24:44–47. Eberhart released his bite but continued resisting attempts to handcuff him. *Id.* at 15:24:47–25:38. Approximately sixty-eight seconds after the encounter began, the officers secured both of Eberhart's wrists in handcuffs.

Following the incident, Eberhart and Narewski were both taken to the hospital for assessment. Eberhart alleges in his complaint that he continues to suffer from post-traumatic stress because of this incident and that he has a pinched nerve in his neck. [ECF No. 1 at 6.]

## II.     Legal Standard

### A.  Review of a Magistrate Judge's Report

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this

court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* In the absence of *specific* objections this court is not required to give any explanation for adopting the recommendation. *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009). That said, the Fourth Circuit has instructed district courts that *pro se* filings, "however unskillfully pleaded, must be liberally construed." *Noble v. Barnett*, 24 F.3d 582, 587 (4th Cir. 1994).

### B. Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is genuine only where the nonmovant's version is supported by sufficient evidence to permit a reasonable jury to find in [the nonmovant's] favor." *United States v. 8.929 Acres of Land*, 36 F.4th 240, 252 (4th Cir. 2022). Conversely, "[w]hen a party fails to establish the

existence of an element essential to that party's case, there is no genuine issue of material fact." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Lastly, the court must view facts in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmovant's favor. *Dean v. Jones*, 984 F.3d 295, 301 (4th Cir. 2021). If the record, viewed this way, gives rise to genuine factual disputes about the claims at issue, then those questions must be resolved by a jury and are inappropriate for summary judgment. *See id.* at 301–02.

## II.    Discussion

### A.  Defendant Narewski's Motion for Summary Judgment

Eberhart alleges that Narewski used excessive force during his arrest. [ECF No. 1 at 5–6.] He argues that, from the perspective of a reasonable officer, Narewski used excessive force and thus his rights were violated. *See* ECF No. 86 at 5–6. Narewski, on the other hand, argues his use of force was necessary and objectively reasonable. [ECF No. 64-1 at 10–15.] The magistrate judge found that no reasonable jury could find Narewski used unconstitutionally excessive force and thus recommended summary judgment be granted in his favor. [ECF No. 84 at 4–8.] The court agrees that summary judgment is proper.

In analyzing an excessive force claim, the court considers whether the force was objectively reasonable in light of the facts and circumstances of each case. *See Lombardo v. City of St. Louis*, 594 U.S. 464, 466 n.2 (2021). The court looks to the totality of the circumstances at the moment the force was employed. *Somers v. Devine*, 132 F.4th 689, 698 (4th Cir. 2025) (citing

*Graham v. Connor*, 490 U.S. 386, 396 (1989)). The court examines a reasonable officer's perception of (1) the severity of the crime or conduct at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether the suspect is resisting arrest or attempting to evade arrest by flight. *Id.* The court also considers the extent of the plaintiff's injury and any effort made by the officer to temper or to limit the amount of force. *Id.* Against this backdrop, courts have found no constitutional violation where the use of force is minimal and made necessary by the plaintiff's resistance. *See id.* at 699; *J.W. ex rel. Wikle v. Corporal Carrier*, 645 F. App'x 263, 264 (4th Cir. 2016).

The court agrees that under the *Graham* factors, no reasonable jury could find that Narewski's use of force was objectively unreasonable such that it violated the Fourth Amendment. *See Graham*, 490 U.S. at 396; *Barnes v. Felix*, 605 U.S. 73, 76 (2025). With respect to the first factor, it is undisputed that Eberhart was under arrest for armed robbery, a serious violent offense. As to the second factor, whether the suspect posed an immediate threat to the safety of the officers or others, the video reflects that Eberhart became increasingly combative, refused repeated commands to comply, physically resisted efforts to secure him in handcuffs, and bit an officer during the struggle. Interview Video at 15:22:38–25:38. Turning to the third *Graham* factor, Eberhart actively resisted arrest by failing to comply with repeated commands and physically struggled against officers' efforts to handcuff him. *Id.* at 15:24:27–25:38. While Eberhart argues that any continued use of force is "squarely disallowed" because he was restrained, ECF No. 86 at 6, the record does not support this characterization. Rather, the video evidence shows that force was used only to the degree necessary to overcome his resistance and ceased once Eberhart was

fully handcuffed.[2] Interview Video at 15:24:27–25:38. Accordingly, the court agrees that summary judgment is proper for Eberhart's claim against Narewski.[3]

### B. Defendant Gilliam's Motion for Summary Judgment

Eberhart's claim against Gilliam is construed as a claim for bystander liability under § 1983. *See* ECF No. 1 at 6; ECF No. 86 at 9 (arguing Gilliam "had a[] role to act and he did not fulfill his obligation to protect and serve . . ."). The magistrate judge found that this claim failed because the evidence does not support a finding that Narewski violated Eberhart's constitutional rights—thus there can be no bystander liability claim. [ECF No. 84 at 8–9.] The court agrees.

To succeed on a theory of bystander liability, a plaintiff must prove that a law-enforcement officer (1) knew that a fellow officer was violating an individual's constitutional rights; (2) had a reasonable opportunity to prevent the harm; and (3) chose not to act. *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 417 (4th Cir. 2014); *Wilson v. Town of Mount Jackson*, No. 5:21-CV-00055, 2022 WL 819531, at *12 (W.D. Va. Mar. 17, 2022) (stating that the court's finding of probable cause precluded a bystander liability claim because there was no underlying constitutional violation upon which bystander liability could attach). Because the court concludes that no constitutional violation occurred, Eberhart's bystander liability claim against Gilliam necessarily fails as well. Accordingly, the court grants Gilliam's motion for summary judgment.

---

[2] Eberhart argues that the magistrate judge overlooked key factual disputes, including his alleged partial restraint status, evidence that officers applied force to his neck, and his testimony that he "demonstrated no resistance as he was rushed up against a wall or aggression during the whole incident." [ECF No. 86 at 4–6.] That said, the magistrate judge examined these issues and correctly determined that Eberhart actively resisted and shouted, that Narewski's initial placement of his forearm on Eberhart's chest/neck lasted only three seconds, and that no force was employed after Eberhart was restrained. [ECF No. 84 at 8.] Accordingly, the court overrules these objections.

[3] Because the court finds that Eberhart has failed to establish a genuine dispute of material fact as to any constitutional violation, it does not address his objections regarding qualified immunity. [ECF No. 86 at 6–7.]

### III.     Conclusion

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report. Additionally, the court reviewed de novo the parts of the Report to which Eberhart objected. The court hereby **adopts** the Report, ECF No. 84. As a result, Defendants' motions for summary judgment, ECF Nos. 64, 67, are **granted**. Eberhart's claims fail as a matter of law and are therefore **dismissed with prejudice**. Eberhart's motion for punitive and compensatory damages, ECF No. 60, is **denied as moot**.

**IT IS SO ORDERED.**

June 22, 2026                    Sherri A. Lydon
Columbia, South Carolina         United States District Judge